UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALIREZA MOHEB,

Defendant.

Case No.  22-cr-00132-JSW-1

**ORDER DENYING SEVERANCE AND VACATING OCTOBER TRIAL DATE**

Re: Dkt. Nos. 87, 93

Now before the Court for consideration is the Government's opposition to severing Defendant Alireza Moheb's ("Defendant" or "Moheb") trial.  Moheb filed a response to the Government's opposition to severance.  The Court has considered the parties' papers, relevant legal authority, and the record in the case.  The Court DENIES Moheb's request for severance and VACATES the October 17, 2022 trial date.  Moheb shall be tried with his codefendants on January 30, 2023.

**BACKGROUND**

On June 28, 2021, the defendants in this matter were charged by criminal complaint.  The Government charged Moheb with distribution of a controlled substance outside of the scope of his dental practice, in violation of 21 U.S.C. section 841(a)(1).  (Dkt. No. 1.)  The Government also charged Moheb and two codefendants, Ramon de la Torre Ramos and Kevin Ramirez, with conspiracy to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, in violation of 21 U.S.C. sections 846 and 843(a)(3).  (*Id*.)  The defendants were indicted on these charges on March 24, 2022.  (Dkt. No. 44.)

The defendants first appeared before this Court on May 24, 2022, for a status conference.  At that time, the Court excluded time until June 28, 2022, for effective preparation of counsel over

United States District Court
Northern District of California

1  the objections of Moheb's counsel and requested the parties set a trial date before the next status

2  hearing.  (Dkt. No. 79.)

3       The parties appeared before the Court for the further status conference on June 28, 2022,

4  during which they advised the Court they were unable to come to an agreement on a trial date.

5  Counsel for Ramos represented that he anticipated reaching a pre-trial resolution with the

6  Government.  Counsel for Ramirez, a solo practitioner, requested a trial date not before mid-

7  November due to his limited resources.  Counsel for Moheb requested a trial date of August 1,

8  2022 or the first available date.

9       Counsel for Moheb represented that Moheb was suffering from mental health issues due to

10 the pending criminal charges.  Counsel stated his concern that Moheb's deteriorating mental health

11 condition would impact Moheb's ability to participate in his defense, and he suggested severance.

12 The Government objected to severance on the basis that it would lead to duplicative trials.  The

13 Court tentatively severed Moheb's trial from his codefendants' trial and set it for October 17,

14 2022.  (Dkt. No. 86.)  The Court ordered the Government to file a brief in opposition to severance

15 by July 18, 2022 and permitted Moheb to submit a response to the Government's opposition by

16 August 1, 2022.  The Court set a trial date of January 30, 2023 for Moheb's codefendants.

17       The Court will address additional facts as necessary in the analysis.

18                                **ANALYSIS**

19 **A.    The Court Denies Moheb's Request for Severance.**

20       Federal Rule of Criminal Procedure 14 provides for severance of counts or defendants "[i]f

21 the joinder of offenses or defendants in an indictment,…or a consolidation for trial appears to

22 prejudice a defendant or the government[.]"  "There is a preference in the federal system for joint

23 trial of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

24 "[A] joint trial is particularly appropriate where codefendants are charged with conspiracy,

25 because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to

26 the defendants when much of the same evidence would be admissible against each of them in

27 separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004).  The

28 presumption in favor of joint trials is based on the notion that "joint trials 'conserve state funds,

diminish inconveniences to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.'" *United States v. Lane*, 474 U.S. 438, 449 (1986) (quoting *Bruton v. United States*, 391 U.S. 123, 134 (1968)).  A motion to sever, including a decision based on a medical severance, is addressed to the trial court's discretion.  *See United States v. Vigil*, 561 F.2d 1316, 1317 (9th Cir. 1977); *Bernstein v. Travia*, 495 F.2d 1180, 1182 (2d Cir. 1974).

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.  *Zafiro*, 506 U.S. at 539; *see also United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) ("the test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever.").

Moheb's main argument in support of severance is that postponing his trial from October 17, 2022 to January 30, 2023 risks significant harm to Moheb's mental and physical health. Counsel offers a declaration from Dr. Roger D. Weiss, who examined Moheb remotely on July 18, 2022. (*See* Dkt. No. 93-1.)  Dr. Weiss opines that Moheb suffers from severe depression characterized by intermittent suicidal ideation, global insomnia, panic attacks, feelings of despair, and has lost twenty pounds since the initiation of his criminal case. (*Id.*)  Dr. Weiss further opines that although Moheb's depression predates his criminal charges, it has worsened during the pendency of the proceedings.  Dr. Weiss believes Moheb's other symptoms and his deteriorating mental condition relate to the uncertainty surrounding his pending criminal case.  Moheb's counsel argues that although Moheb has sought treatment for his conditions, resolution of the case is the only development that will prevent further deterioration.

The Court finds Moheb's medical condition does not justify severance at this time.  The Court does not take Moheb's health concerns lightly; however, Moheb has not shown that his medical conditions are likely to impair his participation in his defense.  Although counsel speculates that Moheb's health jeopardizes his ability to meaningfully participate in his defense, counsel concedes that Moheb's failure to communicate with counsel could be the result of factors

1    other than his mental state.  Moreover, the record does not support the conclusion that Moheb's

2    condition is likely to significantly deteriorate in the three months between October and January

3    when his codefendants are scheduled for trial.  Thus, the Court cannot conclude on the record

4    before it that Moheb's medical condition is so grave or extraordinary so as to necessitate

5    severance.[1]

6          Moheb also asserts that severance will promote a speedy disposition of this matter because

7    he seeks to advance, not postpone, his trial.  Unlike defendants who request severance to delay

8    their trial relative to their codefendants, he seeks to be tried before his codefendants and thus

9    would not obtain any advantage or benefit from the knowledge and contents provided at his

10   codefendants' trial.  That may be so, but that does not outweigh the interest in efficiency and the

11   presumption in favor of a joint trial.  The defendants here have been jointly indicted on conspiracy

12   charges that involve a common plan, and Moheb has not shown that a joint trial would prevent the

13   jury from making a reliable judgment about guilt or innocence.  These considerations weigh

14   heavily in favor of a joint trial.  Moheb further argues that the Government may not be required to

15   try the conspiracy count twice because one of his codefendants has expressed a willingness to

16   accept a plea deal and the other may end up doing so as well.  However, this argument is

17   speculative and does not justify severance.

18         The Court concludes that Moheb has not shown that his medical condition justifies

19   severance and has failed to establish prejudice that would justify severance.

20   **B.     A Joint Trial Would Not Create a Speedy Trial Issue.**

21         Moheb also contends that the Court's delay of Moheb's trial to January 30, 2023 would

22   cause a violation of Moheb's Sixth Amendment right to a speedy trial.  The Government asserts

23   there is no speedy trial issue.

24         The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall

25

26   _____

     [1] This distinguishes Moheb from the defendant in *United States v. Saltzman*, 153 F. Supp. 3d 245,
27   250 (D.D.C. 2016), whose numerous medical conditions affected his digestive, endocrine,
     circulatory, muscular, nervous, skeletal, and immune systems, substantially limited his physical
28   activity, and required routinized treatment.  *Id*. at 247.  The magnitude of the medical conditions at
     issue in *Saltzman* are of a different scale than those asserted by Moheb.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    enjoy the right to a speedy…trial."  Such a right is fundamental and exists not just to ensure "that

2    all accused persons be treated according to decent and fair procedures," *Barker v. Wingo,* 407 U.S.

3    514, 519 (1972), but also because "there is a societal interest in providing a speedy trial which

4    exists separate from, and at times in opposition to, the interests of the accused."  *Id.* at 519.

5          To determine whether a delay to trial violates the defendant's Sixth Amendment right to a

6    speedy trial, the Court must consider: (1) the length of the delay; (2) the reason for the delay; (3)

7    the defendant's assertion of the right; and (4) the prejudice resulting from the delay."  *United*

8    *States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (citing *Barker*, 407 U.S. at 531-33).

9          **1.      Length of the delay.**

10         The length of the delay is a threshold factor.  *Barker*, 407 U.S. at 530.  To cross this

11   threshold factor, the defendant must demonstrate a "presumptively prejudicial" delay.  *Id*. at 531.

12   "[B]ecause of the imprecision of the right to speedy trial, the length of delay that provokes such an

13   inquiry is necessarily dependent upon the peculiar circumstances of the case."  *Id*. at 530-31.  For

14   example, "the delay that can be tolerated for an ordinary street crime is considerably less than for a

15   serious, complex conspiracy."  *Id*. at 531.  "Although there is no bright-line rule, courts have

16   generally found that delays approaching one year are presumptively prejudicial."  *United States v.*

17   *Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003); *but see United States v. Simmons*, 536 F.2d 827,

18   831 (9th Cir. 1976) (finding a six-month delay sufficiently prejudicial to trigger an inquiry into the

19   other *Barker* factors).  "'The delay is measured from the time of indictment to the time of trial.'"

20   *United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019) (quoting *Gregory*, 322 F.3d at 1162).

21         Here, the parties disagree as to the length of the delay.  The Government argues that the

22   speedy trial clock started when the defendants were indicted on March 24, 2022.  Moheb contends

23   that the speedy trial clock began to run on June 28, 2021 when the Government filed the criminal

24   complaint.  If the Court accepts the Government's position, the time from indictment to the

25   January 30, 2023 trial date is ten months, which is less than the one-year threshold that triggers an

26   analysis of the remaining *Barker* factors.[2]  If the Court accepts Moheb's argument, the time

27   _____

28   [2]  The Government contends that the length of the delay is three to six months.  It apparently
     reached this result by measuring the time between the initial trial date Moheb requested (August 1,

5

United States District Court
Northern District of California

1   between the complaint and the January 30, 2023 trial date is nineteen months, which satisfies the

2   *Barker* threshold.

3        Courts are divided as to whether the filing of the complaint starts the constitutional speedy

4   trial time period.  *Compare United States v. Terrack*, 515 F.2d 558, 559 (9th Cir. 1975) (quoting

5   *Northern v. United States*, 455 F.2d 427, 429 (9th Cir. 1972) ("the filing of a criminal complaint,

6   or the indictment where there is no complaint, marks the inception of the speedy trial guarantee of

7   the Sixth Amendment"); *with Arnold v. McCarthy*, 566 F.2d 1377, 1382 (9th Cir. 1978)

8   (defendant not "accused" within meaning of the Sixth Amendment prior to the indictment, even

9   though a criminal complaint had been filed and the defendant had been in state custody and

10  *Favors v. Eyman*, 466 F.2d 1325, 1327-28 (9th Cir. 1972) (citing *United States v. Marion*, 404

11  U.S. 307 (1971) (finding the rationale of *Marion* dictated that the Sixth Amendment right to a

12  speedy trial did not attach when the complaint was filed).

13       For purposes of the *Barker* analysis, the Court assumes without deciding that the filing of

14  the complaint began the Sixth Amendment's speedy trial guarantee.  Thus, the length of delay

15  from the filing of the complaint on June 28, 2021 to the anticipated trial on January 30, 2023 is

16  nineteen months, which is "presumptively prejudicial."  However, although a delay of nineteen

17  months is sufficient to trigger an analysis of the remaining *Barker* factors, the Court concludes it is

18  not excessively long.  *See Gregory*, 322 F.2d at 1162 (finding 22-month delay long enough to

19  trigger the *Barker* inquiry but not so excessively long as to weigh heavily in the defendant's

20  favor); *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (two-year delay from original

21  indictment to trial was "not excessive"); *United States v. Lam*, 251 F.3d 852, 856 (9th Cir. 2001)

22  (delay of fifteen months did not greatly exceed the threshold needed to trigger the *Barker* inquiry);

23  *United States v. Beamon*, 992 F.2d 1009, 1014 (9th Cir. 1993) (delay of seventeen and twenty

24  months was not great as the delays exceeded the one-year benchmark trigger by only five to eight

25  months).  Thus, this factor does not weigh heavily in Moheb's favor.

26

27  2022) and the proposed trial dates (October 17, 2022 or January 30, 2023).  The relevant period,
    however, is the length of time between accusation—whether measured from the filing of

28  complaint or the indictment—and the beginning of trial.  Thus, the Court disagrees with the
    Government's position that the length of delay is three to six months.

6

United States District Court
Northern District of California

### 2.      Reason for delay.

The second *Barker* factor requires the Court to consider the reason for the delay.  *Barker*, 407 U.S. at 531.  "[D]ifferent weights should be assigned to different reasons" for delay.  *Id*.  A "deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government."  *Id.*  "A more neutral reason such as negligence or overcrowded courts should be weighted less heavily" against the government.  *Id.*  In either circumstance, however, the delay should be considered, because the ultimate responsibility for such circumstances rests with the Government.

The Government contends the reason for the delay is a result of (1) the Court's own calendar and (2) the request for a later trial date made by counsel for Ramirez, who is not available for trial before mid-November.  Moheb contends general congestion of the court's calendar is not a valid reason for delay.  Additionally, Moheb argues the unavailability of codefendant's counsel should not impact the timing of Moheb's trial.

On the first point, the Court agrees with Moheb.  Court congestion is weighted against the Government but not heavily so. *See Barker,* 407 U.S. at 531 (the government's negligence should weigh less heavily in defendant's favor than does a deliberate delay, but "nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant").  On the second point, however, the Court agrees with the Government.  A delay caused by the unavailability of counsel for a codefendant is at best neutral and does not weigh against the Government. *See United States v. Annerino*, 495 F.2d 1159, 1163 (7th Cir. 1974) (delay in conspiracy case caused by unavailability of codefendants' counsel due to heart attack and another trial "deserve[d] some deference"); *cf.* 18 U.S.C. § 3161(h)(6) (providing that a court shall exclude a reasonable period of delay "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

The delay in this case has resulted from a variety of circumstances, including the Government's desire for a single trial in a multi-defendant conspiracy case, the Court's own calendar, and scheduling conflicts on the part of counsel for Ramirez.  These reasons for delay are

1    justified in light of charges at issue here.  Moreover, there is no evidence that the Government's

2    delay is the result of bad faith.  Under these circumstances, although the delay is attributable to the

3    Government, this factor is not weighted heavily against it.

4              **3.        Assertion of speedy trial right.**

5              "The third factor under *Barker* is whether the defendant asserted his right to a speedy

6    trial."  *Myers*, 930 F.3d at 1120.  There is no dispute that this factor weighs in Moheb's favor

7    because he asserted his right to a speedy trial at the May 24, 2022 status conference.  (*See* Dkt.

8    Nos. 79, 81.)

9              **4.        Prejudice resulting from delay.**

10             The final *Barker* factor examines the extent to which the defendant suffered actual

11   prejudice from the delay.  The Supreme Court has identified three interests of the defendant which

12   the speedy trial clause is designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii)

13   to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense

14   will be impaired."  *Barker*, 407 U.S. at 532.  Of these three factors, only the second and third are

15   of concern here because Moheb is not in custody.

16             **a.        Anxiety and concern.**

17             "[A]llegations of general anxiety and depression are present in almost every criminal

18   prosecution."  *United States v. Simmons*, 536 F.2d 827, 831-23.  To establish prejudice as a result

19   of anxiety, a defendant must distinguish his emotional strain from that experienced by any other

20   criminal defendant.  *Id*.  As discussed above, Moheb asserts that he suffers from severe

21   depression, suicidal ideation, chronic panic attacks, severe insomnia, and has lost more than

22   twenty pounds while his criminal prosecution has been pending.  However, considerable anxiety

23   normally attends the pendency of criminal charges.  Moheb has not shown that his concerns are

24   sufficiently distinguishable from that experienced by other defendants facing criminal charges.

25   Thus, this subfactor does not favor Moheb.

26             **b.        Hindrance to defense.**

27             The impairment of the defense factor, which is considered the most important of the three

28   prejudice interests, focuses on the negative effects of the delay on the defense's cases, such as the

United States District Court
Northern District of California

erosion of witness' memory and loss of evidence. *See Barker*, 407 U.S. at 532. In evaluating this factor, the Court must assess "how much the defense was actually impaired, recognizing that prejudice of this sort cannot be proved easily," and "then balance that impairment with the degree of the government's dalliance." *Beamon*, 992 F.2d at 1014. The defendant's "[p]roof of prejudice must 'be definite and not speculative.'" *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995) (quoting *United States v. Butz*, 982 F.2d 1378, 1380 (9th Cir. 1993)).

Here, Moheb's claims of prejudice based on hindrance to defense are speculative and generalized. Moheb's counsel asserts that his mental condition may make it difficult for counsel to meaningfully engage him in the preparation of his defense. However, counsel acknowledges that they "cannot say with certainty whether the difficulty they have experienced is caused by Moheb's mental state" and can only speculate that delaying the trial would make it more difficult to engage with Moheb. (Response at 4 n.3.) Moheb has not established with any level of concreteness that delaying trial from October to January would impair his defense by impacting the substance of his case or bolstering the government's case.

Thus, neither of the two relevant prejudice interests weighs in favor of Moheb. Additionally, the gravity of the prejudice resulting from delay is less when the defendant is not incarcerated while awaiting trial. Thus, the Court finds the prejudice factor does not weigh in favor of Moheb. On balance, the Court concludes that the *Barker* factors do not justify severance on speedy trial grounds.

## CONCLUSION

For the foregoing reasons, the Court DENIES the request to sever. This ruling is without prejudice to renewal if material changes occur regarding Moheb's medical conditions. The October 17, 2022 trial date is VACATED. Moheb shall be tried jointly with codefendants beginning on January 30, 2023.

**IT IS SO ORDERED.**

Dated: August 9, 2022

_____
JEFFREY S. WHITE
United States District Judge

9