JAMES PHILLIP VAUGHNS, State Bar #124040
Law Offices of James Phillip Vaughns
6114 LaSalle Avenue, Ste 289
Oakland, California  94611
Telephone:  510-583-9622
Facsimile: 510-886-7218

Attorney for Alireza MOHEB

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALIREZA MOHEB,<br><br>Defendant. | NO.: CR 22-0132 JSW<br><br>**SENTENCING MEMORANDUM**<br><br>October 3, 2023<br>1:00 p.m.<br>Hon. Jeffrey S. WHITE |

## INTRODUCTION

On April 5, 2023, defendant Alireza Moheb plead guilty to Count Two of the Indictment - 21 U.S.C. §846, 843(a)(3) - Conspiracy to Acquire or Obtain a Controlled Substance by Misrepresentation, Fraud, Forgery, Deception, Subterfuge. A Presentence Report ("PSR") has been received and sentencing is set for October 3, 2023. For reasons stated below, the defense position is that an appropriate sentence consists of a grant of probation.

## ARGUMENT

District courts have the responsibility to exercise their judgment and discretion in arriving at appropriate sentences. The Supreme Court's decisions in United States v. Booker, 543 U.S.

220 (2005), Kimbrough v. United States, 128 S. Ct. 558 (2007), and Gall v. United States, 128 S. Ct. 586 (2007), dramatically altered the district court's role in sentencing. The Sentencing Guidelines, "formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." Kimbrough, 128 S. Ct. at 564. While "district courts still 'must consult [the] Guidelines and take them into account when sentencing,'" United States v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006) (quoting Booker, 543 U.S. 264), district courts "may not presume that the Guidelines range is reasonable," Gall, 128 S. Ct. at 596-97; see also United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). After Booker, "[t]he overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." Carty, 520 F.3d at 991 (quoting 18 U.S.C. § 3553(a)). The Guideline range is only one factor for the district court to consider in making this judgment, and it may not be weighed more heavily than any other factor. Id.

**FACTORS TO BE CONSIDERED IN IMPOSING SENTENCE**

The primary directive in 18 U.S.C. § 3553(a) is for sentencing Courts to impose a sentence which is sufficient, but not greater than necessary, to comply with the above objectives of sentencing. As noted, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). In determining a minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider certain factors, particularly the following:

**(1) Characteristics of the Defendant**

Alireza Moheb is a 46 year old man who experienced the horrors of war as a child, moving body parts after bombings in his family's native Iran. PSR, ¶55. While he was born here in the United States, he was raised during his formative years in Iran where the trauma of war was mixed with anti-American hostilities directed towards him and his family. Moving back to

the U.S. at age 11 only served to exchange one set of hostility for another - as a person of Iranian descent, he was bullied and picked on by schoolmates. PSR, ¶56.

Despite these crosses to bear, he excelled in scholastic endeavors. He graduated early from high school and obtained great honors in his collegiate and doctoral endeavors. He became a very successful dentist despite serving the low-income patients for whom he had an affinity, since he saw in them aspects of his own character - hard working people who were forced to deal with life's setbacks and hardships.

Having burned the candle at both ends for so long - opening several dental offices in several states - a toll was taken on his health. In 2019, he began to suffer physical ailments from the demands dentistry placed on one's dexterity and one's need to concentrate on minute operations. His body began to betray him. PSR, ¶60. His mental health suffered as well. PSR, ¶61.

It was in that weakened state that he met his co-defendants and from that state the events leading to the current charges stemmed. He finds himself in this predicament because of several things. One, he had become fixated on cocaine as way to deal with the pain - physical and emotional - he was suffering from. Two, his desire to "heal" others.

His co-defendants, who he met while one was working as a construction worker at the Moheb family home, continually expressed complaints of back and tooth pain. They repeatedly implored him to prescribe pain medications, saying they couldn't get treatment from any other source. Wanting to help them, he provided them with pain medications at their request. He did acquire cocaine from them and there's no way to gloss over that. However, as he often expresses, they were the gun-toting drug dealers by trade, he was a medical professional whose base instinct was to help.

What he hopes to spend his post-sentencing life doing is bringing better dentistry to the public through his patented "Teeth for Life" project. See Exhibit 1, attached hereto. The driven professional that he is will no doubt find success in that endeavor. Having a felony on his record

- 3 -

will undoubtedly be a limiting factor, though. It would seem that he should have been a candidate for the CAP program, or a misdemeanor conviction. However, the Government declined to offer either, even though one co-defendant was diverted.

## CONCLUSION

Alireza Moheb stands before the Court prepared to accept his fate. He understands that the Court must mete out punishment. He stands before the Court at the same time, though, asking that the Court measure the degree of criminality he actually displayed -  compared to others - and balance that with the impact on him that a felony conviction will have for the rest of his life.

It is understood that the Government will recommend probation per the terms of the Plea Agreement. In a perfect world, Alireza Moheb would be able to accept a probationary sentence (in the event the Court would impose such) and be able to return after a successful completion of probation, withdraw his plea, and break the grip a felony conviction will have had on his life. At the very least, a sentence of probation is certainly appropriate given the degree of criminality evidenced here and the potential benefit to society Alireza Moheb represents.

DATED: September 26, 2023

*-S- James P. Vaughns*

_____
JAMES PHILLIP VAUGHNS.
Attorney for Defendant MOHEB