ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHARLES F. BISESTO (CABN 271353)
DAN M. KARMEL (NYBN 5151485)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Charles.Bisesto@usdoj.gov
    Dan.Karmel@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 22-132-JSW-1 |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| ALIREZA MOHEB, | |
| Defendant. | |

## I. INTRODUCTION

The defendant, Alireza Moheb, has been convicted of Conspiracy to Acquire or Obtain Possession of a Controlled Substance by Misrepresentation, Fraud, Forgery, Deception, or Subterfuge, in violation of 21 U.S.C. §§ 846 and 843(a)(3). For the reasons set forth below, the government recommends a sentence of time served followed by one year of supervised release, along with a $100 mandatory special assessment.

## II. THE CHARGED CONDUCT

The government agrees with Probation's description of the offense conduct in the Presentence

Investigation Report. (*See* PSR ¶¶ 11–30.) As set forth in the Plea Agreement, Moheb took part in a criminal conspiracy with co-defendants Kevin Ramirez and Ramon De La Torre Ramos from no later than March 7, 2019, through at least June 28, 2021. (Plea Agreement ¶ 2.) As part of the conspiracy, Moheb provided Ramirez and Ramos with prescriptions for hydrocodone with acetaminophen (commonly referred to as "Norco") and promethazine with codeine (commonly referred to as "syrup"), many of which he knew were without any legitimate medical purpose. (*Id.*)

### III. SENTENCING GUIDELINES CALCULATIONS

The PSR calculates the Sentencing Guidelines for Moheb's offense level as follows:

| | | |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2D2.2: | 8 |
| b. | Acceptance of Responsibility, § 3E1.1: | - 2 |
| c. | Total Offense Level: | 6 |

(PSR ¶¶ 35–43.)

The PSR also calculates that Moheb has a criminal history score of 1, placing him in Criminal History Category I. (*Id.* ¶¶ 46–48.) The government agrees with Probation's offense level and criminal history calculations. As noted in the PSR, the Guidelines range for imprisonment associated with an adjusted offense level of 6 and Criminal History Category I is 0 to 6 months. (*Id.* ¶ 72.)

### IV. SENTENCING RECOMMENDATION

#### A. Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), including:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B.  Discussion**

Although Moheb's conduct in this case was serious, as noted in the PSR there are a number of mitigating factors that counsel against an additional custodial sentence, including Moheb's own struggles with substance abuse. Considering those mitigating factors and the specific facts of this case, the government believes a sentence of time served, at the bottom of the guidelines, is sufficient but not greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553. The government also requests that the Court impose the following suspicionless search condition as part of any subsequent term of supervised release, as agreed to by the parties in the Plea Agreement:

> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

**V.  CONCLUSION**

For the foregoing reasons, the government recommends that the Court sentence Moheb to time served followed by one year of supervised release, along with a $100 mandatory special assessment.

DATED: September 26, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

 /s/ Dan Karmel
DAN M. KARMEL
Assistant United States Attorney