```
JAMES PHILLIP VAUGHNS, State Bar #124040
Law Offices of James Phillip Vaughns
6114 LaSalle Avenue, Ste 289
Oakland, California  94611
Telephone:  510-583-9622
Facsimile: 510-886-7218

Attorney for Alireza MOHEB
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) <br> ) <br>           Plaintiff,           ) <br> ) <br>   vs.           ) <br> ) <br> ) <br> ALIREZA MOHEB,           ) <br> ) <br>           Defendant.           ) | NO.: CR 22-0132 JSW <br><br> **SENTENCING MEMORANDUM EXHIBIT** <br> *SUPPLEMENTAL and LAST* <br><br> October 17, 2023 <br> 1:00 p.m. <br> Hon. Jeffrey S. WHITE |

Alireza Moheb submits the following additional document as a Sentencing Memorandum exhibit for the Court's consideration.

1.   Letter of Justin Robinson, Esq.

DATED: October 16, 2023

                                                        *-S- James P. Vaughns*

                                        JAMES PHILLIP VAUGHNS. <br>
                                        Attorney for Defendant MOHEB



October 17, 2023

United States District Court
Northern District of California
ATTN: Hon. Judge Jeffrey S. White
450 Golden Gate Avenue
San Francisco, CA 94102

Re: People v. Moheb; Case No. 22-cr-00132-JSW

To The Honorable Judge Jeffrey S. White:

I am writing regarding the potential impact of the Court's Sentencing Order on Alireza Moheb's ("Defendant") reinstatement application with the Dental Board of California ("DBC"). This letter is based on conversations with Deputy Attorney Generals assigned to these cases and my experience as a professional license defense attorney.

Defendant previously held a license with the DBC, and has begun the process of petitioning to reinstate this license. Licensing agencies like the DBC have the discretion to deny applications or reinstatement petitions in light of intervening misconduct, alleged or proven, even during the pre-licensure stage.[1] In this case then, even though Defendant's license is not active, any alleged misconduct or grounds for disciplinary action may have a chilling effect on his reinstatement efforts. It has been our experience that licensing agencies will oppose the reinstatement of a petitioner after they suffer misdemeanor or felony convictions while unlicensed.

---

[1] Business & Professions Code Section 480(a)(1) states: (a) Notwithstanding any other provision of this code, a board may deny a license regulated by this code on the grounds that the applicant has been convicted of a crime or has been subject to formal discipline only if either of the following conditions are met: (1) The applicant has been convicted of a crime within the preceding seven years from the date of application that is substantially related to the qualifications, functions, or duties of the business or profession for which the application is made, regardless of whether the applicant was incarcerated for that crime, or the applicant has been convicted of a crime that is substantially related to the qualifications, functions, or duties of the business or profession for which the application is made and for which the applicant is presently incarcerated or for which the applicant was released from incarceration within the preceding seven years from the date of application…

Criminal & Professional License Defense
Justin@UnlockLegal.com | www.UnlockLegal.com
137 Centennial Way, Tustin, CA 92780
833.UNLOCKED | 833.865.6253

However, the California Code of Regulations obligates the licensing agencies to take into consideration all mitigating factors as they evaluate a reinstatement petition. Even a reduction in penalty (i.e. a reduced sentence) can be a helpful mitigative factor in the reinstatement process.

For example, a reduced penalty can not only reflect mitigating circumstances in the criminal arena, but also effectively end the penalty at issue sooner, limiting barriers which may otherwise limit or impact a petitioner's eligibility for licensure in the state.

Should Defendant's reinstatement petition ultimately be granted, he will likely be placed on probation by the licensing agency. The standard terms of probation imposed on licensees may include but are not limited to payment of fees, limitation on the type of work performed, and meetings with administrative personnel. Moreover, the licensing agency holds the discretion to impose optional terms and conditions ranging from supervised practice, community service, billing monitors, and clinical training programs.

We offer this information to further demonstrate the increased likelihood Defendant will face strenuous legal obligations if his petition is granted, meaning he will not be avoiding the imposition of penalty. We do not intend to diminish the importance of proper scrutiny in the sentencing process. However, we ask that Your Honor consider the myriad of collateral consequences of a lengthy and severe sentence. Defendant intends to rebuild his life and use his professional license pursuits as an opportunity to rehabilitate. Eased sentencing will be tremendously impactful in this regard.

In summary, we ask that the above information be taken into account – not to avoid responsibility or penalty, but to give Defendant the greatest chance of rehabilitating from this experience.

Should you have any questions, comments, or concerns please do not hesitate to contact me.

                      Very Truly Yours,

                      Justin Robinson, Esq.